UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLEN F. CABIAO and ESTRELLA R. CABIAO,

                                   Plaintiffs,

            v.

AURORA LOAN SERVICES, LLC, et al.,

                                   Defendants.

CASE NO. C10-5833BHS

ORDER

This matter comes before the Court on Plaintiffs Allen F. Cabiao and Estrella R.

Cabiao's ("Cabiaos") Verified Amended Complaint for Declaratory Relief and

Negligence (Dkt. 25), which the Court construed as a motion to file an amended

complaint (Dkt. 26), motion for leave to amend (Dkt. 32), and motion to extend deadlines

(Dkt. 32). The Court has reviewed the complaints, the briefs filed in support of and in

opposition to the motion to amend, and the remainder of the file and hereby grants in part

and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 15, 2010, the Cabiaos filed their initial complaint. Dkt. 1. The

Cabiaos declare that they personally served the complaint on November 15, 2010. Dkt. 5.

On April 21, 2011, the Court set June 1, 2011 as the deadline for amended pleadings.

Dkt. 23. On May 18, 2011, the Cabiaos filed their amended complaint. Dkt. 25.

On May 20, 2011, the Court issued an order in which it construed the filing of the amended complaint as a motion to amend the complaint. Dkt. 26. On May 31, 2011, Defendant Aurora Loan Services, LLC ("Aurora") responded. Dkt. 31.

On June 13, 2011, the Cabiaos filed a motion for leave to amend their complaint and motion to extend the pretrial and trial deadlines. Dkt. 32. On June 24, 2011, Aurora responded.

## II. FACTUAL BACKGROUND

The Cabiaos entered into a loan with Homecomings Financial, LLC ("Homecomings") which was secured by the real property commonly known as 10911 209th Avenue East, Bonney Lake, Washington (the "Property"). The Deed of Trust was recorded on April 25, 2007, under Pierce County Auditor's file no. 200704251560. *See* Dkt. 38, Declaration of Devra Featheringill, Exh. A. The Deed of Trust identified Homecomings as the Lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the Beneficiary, and First American Title Company as the Trustee. *Id.*

On or around November 20, 2009, MERS, acting as the nominee for Homecomings, assigned the Deed of Trust to Aurora. On or around December 17, 2009, Aurora appointed Cal-Western as trustee. On January 12, 2010, the Assignment and the Appointment of Successor Trustee were recorded under Pierce County Auditor's file nos. 201001120654 and 201001120655, respectively. *Id.*, Exh. B & C.

The Cabiaos failed to make payments on their loan, and were served with a Notice of Trustee's Sale. The notice was recorded on February 2, 2010, under Pierce County Auditor's file no. 201002020584. *Id.*, Exh. D. The sale was held on May 7, 2010, and the Trustee's Deed was recorded on May 21, 2010, under Pierce County Auditor's file no. 201005210004. *Id.*, Exh. E. The Cabiaos did not seek an injunction or otherwise act to halt the Trustee's Sale.

### III.  DISCUSSION

As an initial matter, the Court denies the Cabiaos' first motion for leave to amend as moot (Dkt. 27) because of the Cabiaos' second motion to amend (Dkt. 32).

Leave to amend shall be given freely when justice so requires.  Fed. R. Civ. P. 15(a)(2).  When deciding whether to grant leave to add new claims, courts consider five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

In this case, the Cabiaos request leave to amend to add two new parties and six causes of action.  *See* Dkt. 32.  Aurora argues that the amendments would cause undue delay and that they are futile.  The Court agrees with respect to Cabiaos' request to add MERS and some causes of action.  Under Washington's Deed of Trust Act, there is no provision for setting aside a sale once it has occurred.  *Plein v. Lackey*, 149 Wn.2d 214, 228 (2003).  Moreover, the Supreme Court of Washington has held that a party waives "any objection to the trustee's sale . . . where presale remedies are not pursued."  *Id.* at 229.  The Property has been sold and the Cabiaos failed to pursue presale remedies.  Therefore, the Cabiaos' causes of action for a mistaken promissory note, erroneous default, and declaratory and injunctive relief are futile.  The Court denies the Cabiaos leave to amend these claims as well as leave to add MERS under these causes of action.

On the other hand, the Court is unable to find that the Cabiaos' causes of action under the Fair Debt Collection Practices Act ("FDCA"), 15 U.S.C. § 1681 *et seq*., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., are futile or will cause undue delay.  While the addition of the new claims and new party Cal-Western necessitates a new pretrial schedule, the Cabiaos have alleged facts that could possibly form a cognizable cause of action.  Therefore, the Court grants the Cabiaos leave to

amend the complaint to add Cal-Western, the FDCA cause of action, and the FCRA cause

of action.

With regard to scheduling, the addition of Cal-Western requires a new trial

schedule. The Court will require the Cabiaos to meet and confer with Aurora and Cal-

Western and file a new joint status report.

### IV. ORDER

Therefore, it is hereby **ORDERED** that the Cabiaos' first motion for leave to

amend (Dkt. 27) is **DENIED** as moot, the Cabiaos' second motion for leave to amend is

**GRANTED in part** and **DENIED in part** as set forth above, and the Cabiaos' motion to

extend deadlines is **GRANTED**.

The minute order setting trial and pretrial deadlines is **STRICKEN**. The Cabiaos

are directed to confer with Aurora and Cal-Western and file a new joint status report no

later than **August 5, 2011.**

DATED this 14th day of July, 2011.

_____

BENJAMIN H. SETTLE
United States District Judge