UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLEN F. CABIAO and ESTRELLA R. CABIAO, husband and wife,

Plaintiffs,

v.

AURORA LOAN SERVICES, LLC and CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON,

Defendants.

CASE NO. C10-5833BHS

ORDER ON MOTIONS

This matter comes before the Court on Defendant Aurora Loan Services' ("Aurora") motion to dismiss (Dkt. 37), Plaintiffs Allen and Estrella Cabiao's ("Cabiaos") motion for leave to amend (Dkt. 43), and Aurora's motion to dismiss (Dkt. 47). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion to dismiss and denies the other motions as moot.

## I. PROCEDURAL HISTORY

On November 15, 2010, the Cabiaos filed their initial complaint. Dkt. 1. On May 18, 2011, the Cabiaos filed an amended complaint. Dkt. 25.

On June 13, 2011, the Cabiaos filed a motion for leave to amend their complaint and motion to extend the pretrial and trial deadlines. Dkt. 32.

On June 27, 2011, Aurora filed a motion to dismiss. Dkt. 37. On July 15, 2011, Defendant Cal-Western Reconveyance Corporation of Washington ("Cal-Western") joined Aurora's motion (Dkt. 41) and the Cabiaos responded (Dkt. 42).

ORDER - 1

On July 14, 2011, the Court granted in part and denied in part the Cabiaos' motion for leave to amend. Dkt. 39. The Court allowed the Cabiaos an opportunity to amend their causes of action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1681, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. *Id*.

On July 29, 2011, the Cabiaos filed a motion for leave to file an amended complaint (Dkt. 43) and filed a memorandum in support of the motion (Dkt. 44). On August 12, 2011, Aurora responded. Dkt. 50. On August 18, 2011, the Cabiaos replied. Dkt. 51.

On August 8, 2011, Aurora filed another motion to dismiss. Dkt. 47. On August 9, 2011, Cal-Western joined Aurora's motion. Dkt. 49. On August 26, 2011, the Cabiaos responded. Dkt. 53. On September 2, 2011, Aurora replied. Dkt. 55.

## II. FACTUAL BACKGROUND

The Cabiaos entered into a loan with Homecomings Financial, LLC ("Homecomings") which was secured by the real property commonly known as 10911 209th Avenue East, Bonney Lake, Washington (the "Property"). The Deed of Trust was recorded on April 25, 2007, under Pierce County Auditor's file no. 200704251560. *See* Dkt. 38, Declaration of Devra Featheringill, Exh. A. The Deed of Trust identified Homecomings as the Lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the Beneficiary, and First American Title Company as the Trustee. *Id*.

On or around November 20, 2009, MERS, acting as the nominee for Homecomings, assigned the Deed of Trust to Aurora. On or around December 17, 2009, Aurora appointed Cal-Western as trustee. On January 12, 2010, the Assignment and the Appointment of Successor Trustee were recorded under Pierce County Auditor's file nos. 201001120654 and 201001120655, respectively. *Id*., Exh. B & C.

The Cabiaos failed to make payments on their loan, and were served with a Notice of Trustee's Sale. The notice was recorded on February 2, 2010, under Pierce County Auditor's file no. 201002020584. *Id.*, Exh. D. The sale was held on May 7, 2010, and the Trustee's Deed was recorded on May 21, 2010, under Pierce County Auditor's file no. 201005210004. *Id.*, Exh. E. The Cabiaos did not seek an injunction or otherwise act to halt the trustee's sale.

## III. DISCUSSION

The Cabiaos have filed multiple complaints in this matter. Upon review of the file, the Court need only consider Aurora's motion to dismiss the Cabiaos' most recent complaint. The other pending motions (Dkts. 37 & 43) are denied as moot.

**A.     Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.     Aurora's Motion**

Although the Court granted the Cabiaos an opportunity to amend only their FDCPA and FCRA claims, the Cabiaos have included causes of action for Invalid Debt and Recoupment and Setoff under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. Dkt. 43-1. Aurora moves to dismiss all four claims. Dkt. 47.

### 1. Invalid Debt

The Cabiaos appear to allege that their debt was somehow "invalid" because of an improper assignment of the Note and Deed of Trust. Dkt. 43-1, ¶ 10. The Cabiaos, however, fail to provide any factual allegations to support this claim and fail to provide any legal authority for an "invalid debt" cause of action. The Cabaios have failed to allege a plausible cause of action for invalid debt. Therefore, the Court grants Aurora's motion to dismiss the Cabiaos' invalid debt claim.

### 2. FDCPA

Foreclosure activities do not fall within the purview of the FDCPA. *See, e.g., Hulse v. Ocwen Federal Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

In this case, the Cabiaos allege that "Defendants failed to offer to validate the debt, never sent a dunning letter, and took non-judicial action to collect the unsecured alleged debt all of which violated the FDCPA." Dkt. 43-1, ¶ 10(f). These allegations do not support a claim for a violation of the FDCPA because the allegations relate to Aurora's foreclosure activities, which are not covered by the FDCRA. Therefore, the Court grants Aurora's motion to dismiss the Cabiaos' FDCPA claim.

### 3. FCRA

The FCRA imposes certain duties on furnishers and credit reporting agencies ("CRAs"). 15 U.S.C. § 1681s-2(a). Only some of those duties are subject to a private right of action, specifically those duties imposed in § 1681s-2(b). *See* 15 U.S.C. § 1681s-2(d). Subsection (b) is only triggered when the furnisher receives notice of a dispute from the CRA. *Id.* Thus, in order to maintain a private action for a violation of the FCRA, as a threshold matter, a plaintiff must show that the furnisher received notice from a CRA that a debt was disputed. *Id*; *see also Krieg v. Allstate Financial Services*, 2007 WL 297065 (9th Cir. 2007) (plaintiff failed to state a claim when he did not allege that he gave notice to a CRA or that furnisher failed to investigate the dispute).

In this case, the Cabiaos allege that Aurora and Cal-Western "violated the [FCRA] by permitting or requesting reporting of the alleged debt/obligation on Plaintiff's credit report." Dkt. 43-1, ¶ 12. The Cabiaos, however, fail to allege that (1) they gave notice to a CRA that they disputed credit information provided by either defendant, (2) either defendant failed to investigate a dispute, or (3) either defendant continued to provide false credit information to a CRA. Therefore the Court grants Aurora's motion to dismiss the Cabiaos' FCRA claim.

### 4. Recoupment and Setoff

The Cabaios allege that, under TILA, they have a right to recoupment and setoff without time limitation. Dkt. 43-1, ¶ 13. Specifically, they allege that

> the ancient maxim of law *lex anastasiana* provides that Defendant AURORA, as a third person who allegedly purchased the Plaintiffs' purported debt at a discount, or for less than its true or nominal value, should not be permitted to recover from the debtor more than the price AURORA paid.

*Id*. The Cabaios have failed to show that this is a cognizable legal theory. Therefore, the Court grants Aurora's motion to dismiss the Cabiaos' recoupment and setoff claim.

## C. Leave to Amend

Generally, if a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston*, 717 F.2d at 1300. However, if a claim is not based on a proper legal theory, the claim should be dismissed. *Id*.

In this case, the Cabiaos have filed four different complaints and have had ample opportunity to state a valid cause of action against the Defendants. They, however, have failed to state any plausible cause of action and the Court finds that further amendments would be futile. Therefore, the Court will not grant the Cabiaos an opportunity to amend their complaint for the fourth time.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Aurora's motion to dismiss (Dkt. 37) is **GRANTED** and the Cabiaos' motion for leave to amend (Dkt. 43) and Aurora's motion to dismiss (Dkt. 47) are **DENIED as moot**.  The Clerk is directed to enter judgment for Aurora and Cal-Western.

DATED this 5th day of October, 2011.

BENJAMIN H. SETTLE
United States District Judge